UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>-against-<br><br>SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, and ORGANIZATIONAL DOES 1-10,<br><br>       Defendants. | Case No. 1:24-cv-09852 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On December 20, 2024, Plaintiff Jane Doe, proceeding anonymously, initiated this action, asserting one cause of action against all Defendants for violation of the New York City Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1102 *et seq*. *See generally* Dkt. 1 ("Complaint" or "Compl."). Plaintiff alleges that Defendant Sean Combs ("Combs"), a well-known rapper, record producer, and record executive, sexually assaulted her at a charity event he cosponsored in 1991. *Id.* ¶¶ 2, 36-43.

On December 22, 2024, Plaintiff moved to appear anonymously. *See* Dkts. 4-8. On December 23, 2024, the Court granted Plaintiff's motion on a temporary basis and directed Plaintiff to renew her motion no later than thirty days after serving Defendants in order to provide them an opportunity to respond. *See* Dkt. 9. Now before the Court is Plaintiff's second motion to proceed anonymously, which Plaintiff filed on January 13, 2025. Dkt. 15; *see* Dkt. 16 ("Buzbee Declaration" or "Decl."); Dkt. 17 ("Br."). Defendants filed their

memorandum of law in opposition to Plaintiff's motion on March 4, 2025. *See* Dkt. 37 ("Opp."). For the reasons set forth below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (alterations in original) (quoting Fed. R. Civ. P. 10(a)). "This Rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings'" and "cannot be set aside lightly." *Doe v. Combs*, No. 24-cv-08054 (MKV), 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)). "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances." *Doe v. Combs*, No. 24-cv-08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (citing *Sealed Plaintiff*, 537 F.3d at 189). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe v. Combs*, No. 24-cv-07777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (alteration in original) (quoting *Pilcher*, 950 F.3d at 45).

The Second Circuit set forth the operative balancing test in *Sealed Plaintiff*, identifying ten nonexhaustive factors for courts to weigh upon consideration of a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant

is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (alterations and omission in original) (citations and internal quotation marks omitted). "Courts are 'not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

## DISCUSSION

On balance, the Court finds that the *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed anonymously. The Court addresses these factors in more detail below.

### I. This Litigation Involves Matters of a Highly Sensitive and Personal Nature (Factor One) and Plaintiff Has Thus Far Kept Her Identity Confidential (Factor Seven).

The first and seventh *Sealed Plaintiff* factors weigh in Plaintiff's favor. Starting with the first factor, neither party disputes that this litigation involves highly sensitive matters of a personal nature. *See* Br. at 4-5;[1] Opp. at 8-9. "Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (alteration in original) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (collecting cases); *accord Combs*, 2024 WL 4635309, at *2 ("Plaintiff alleges that Combs raped her in

---

[1] As Plaintiff has not numbered the pages of her brief, the Court refers to the page numbers as set forth on ECF.

3

frightening circumstances. Her allegations are 'highly sensitive and of a personal nature,' and, therefore, the first Sealed Plaintiff factor weighs in Plaintiff's favor." (citations omitted)).

With regard to the seventh factor — whether Plaintiff's identity has been kept confidential — there is no indication based on the current record that Plaintiff has spoken publicly about her allegations.[2] *See Combs*, 2025 WL 268515, at *2 ("Because there is no evidence before the Court that the plaintiff has spoken publicly about the incident, the seventh factor likewise favors anonymity." (footnote omitted)). Defendants argue that "Plaintiff's representatives have sought to reap the rewards of attracting public attention to this case," Opp. at 13, but this is not relevant to the Court's analysis. The seventh factor asks only "whether the plaintiff's identity thus far has been kept confidential," and Defendants have offered no evidence to the contrary. *Rapp*, 537 F. Supp. 3d at 528 (citing *Sealed Plaintiff*, 537 F.3d at 190). Defendants further contend that Plaintiff may have spoken privately to others about her allegations without receiving assurances of confidentiality, Opp. at 13, but this is pure speculation and would not necessarily tip the scales in Defendants' favor even if it were true. *See Doe v. Salina*, No. 23-cv-03529 (JMW), 2024 WL 1259362, at *6 (E.D.N.Y. Mar.

---

[2] The Buzbee Declaration supporting Plaintiff's motion states that Plaintiff "has not spoken publicly about the incidents that underlie the causes of action in her Complaint," Decl. ¶ 7, but as Defendants acknowledge, the Declaration is neither sworn nor made under the penalty of perjury. *See Combs*, 2025 WL 722790, at *2 ("[T]he [Buzbee] declaration is not sworn or made under penalty of perjury under the laws of the United States and is thus inadmissible."); *see also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) ("We hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of perjury."). The Court also notes that the Declaration is substantively identical to declarations filed on the same day in other *Doe v. Combs* cases in this District involving different plaintiffs and facts, which raises serious questions about the Declaration's reliability. *See, e.g.*, No. 24-cv-07778 (JLR) (S.D.N.Y. Jan. 13, 2025), ECF No. 36; No. 24-cv-07973 (RA) (S.D.N.Y. Jan. 13, 2025), ECF No. 35; No. 24-cv-07977 (VSB) (S.D.N.Y. Jan. 13, 2025), ECF No. 30; No. 24-cv-08024 (VEC) (S.D.N.Y. Jan. 13, 2025), ECF No. 26. In any case, the seventh factor still weighs in Plaintiff's favor absent any evidence that Plaintiff's identity has not been kept confidential.

25, 2024) (finding that seventh factor favored plaintiff despite fact that "some of the underlying events occurred" in public fora); *Doe v. Zeumer*, No. 23-cv-10226 (AT), 2024 WL 1586032, at *2 (S.D.N.Y. Mar. 6, 2024) (finding that seventh factor favored plaintiff where her identity "ha[d] been kept confidential, with the exception of 'her therapist and those close to her'").

However, while both of these factors support Plaintiff's motion to proceed anonymously, neither of them is dispositive. *Combs*, 2024 WL 863705, at *3 (citing *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Rapp*, 537 F. Supp. 3d at 528). Accordingly, "the other factors must be taken into consideration and analyzed in comparison to the public's interest and the interests of the opposing parties." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019).

## II. Plaintiff's Allegations Regarding the Risk of Harm Are Speculative and Insufficiently Particularized (Factors Two, Three, and Four)

The second, third, and fourth "*Sealed Plaintiff* factors task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms." *Does 1-2 v. Hochul*, No. 21-cv-05067, 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022). On balance, these factors weigh against allowing Plaintiff to proceed anonymously.

With regard to the second and third factors — which "evaluate the risks that identification would present and the likelihood of those physical and mental harms," *Doe v. Townes*, No. 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) — Plaintiff asserts that Combs made "threats of violence after the" alleged assault. Br. at 7; *see* Decl. ¶ 4 ("[A]t the time the incident occurred [34 years ago] . . . Combs told Plaintiff that 'people can come up missing' when she told him she wanted to report the

5

assault."); Compl. ¶ 43.  However, Plaintiff provides no support for this allegation beyond the vague and unsworn Buzbee Declaration, *see generally supra* note 1, and she "has not identified any present threat of physical harm," *Combs*, 2024 WL 4635309, at *2 (citing *Doe v. Leonelli*, No. 22-cv-03732 (CM), 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022)). Generally, "to justify the exceptional relief of proceeding anonymously, [a] plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity," *Doe v. Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (collecting cases), but Plaintiff has not done so here.  Likewise, with regard to the risk of mental harm, Plaintiff contends that "play[ing] out" her traumatic experiences "in a public forum could spark more trauma," Br. at 6, but she provides no "medical documentation" or other "evidence of the severity or likelihood of . . . mental harm" that would result from the disclosure of her identity, *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; *see also Doe 1 v. Branca USA, Inc.*, No. 22-cv-03806 (LJL), 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022) (finding that the second and third *Sealed Plaintiff* factors weighed against plaintiffs' motion to proceed anonymously where plaintiffs provided only "conclusory statements and speculation" regarding alleged harms and no "direct evidence linking disclosure of [their] name[s] to a specific physical or mental injury" (alterations in original) (first quoting *Skyline Autos. Inc.*, 375 F. Supp. 3d at 406; and then quoting *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-02678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019))); *accord Combs*, 2024 WL 4635309, at *3.

Plaintiff relies heavily on Combs's pending criminal charges to establish that "Combs, and the people within his organizations, are dangerous." Br. at 2; *see, e.g.*, Superseding Indictment ¶¶ 11-12, *United States v. Combs*, No. 24-cr-00542 (AS) (S.D.N.Y. Jan. 30, 2025), ECF No. 144 (accusing Combs and his associates of intimidating and threatening victims to

6

maintain their silence). To be sure, "[c]ourts have found a real risk of harm when, for example, 'there is a history of substantiated prior action directed *at plaintiff(s)* from *defendant(s)*,'" *Doe v. Intel Corp.*, No. 24-cv-06117 (JPO), 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024) (quoting *Townes*, 2020 WL 2395159, at *4), but Plaintiff does not allege that she was the target of any of the conduct in the indictment, and "there is no evidence that Combs has been in contact with Plaintiff or made any threats in the last three decades," *Combs*, 2025 WL 722790, at *2. "Without further, specific evidence," Plaintiff's "claims are too speculative to support anonymity in this case," *Intel Corp.*, 2024 WL 4553985, at *5, and the second and third factors do not weigh in favor of nondisclosure, *see id.* at *3 ("[C]ourts have rejected claims of harm where they are insufficiently 'particularized,' provided 'without corroboration,' or 'generalized' and 'conclusory.'" (quoting *Combs*, 2024 WL 863705, at *4)); *Combs*, 2024 WL 863705, at *4 ("[Plaintiff's] conclusory assertions fall short of demonstrating the particularized harm she would suffer as a result of disclosure. As such, Plaintiff fails to demonstrate that these factors weigh in her favor.").

Moving to the fourth *Sealed Plaintiff* factor — which asks "whether the plaintiff is particularly vulnerable to the possible harms of disclosure," *Sealed Plaintiff*, 537 F.3d at 190 — "[t]he plaintiff's age is a critical" consideration, *Combs*, 2024 WL 863705, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 530). Plaintiff is currently an adult, was not a minor at the time of the alleged assault, and "has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names." *Combs*, 2024 WL 4635309, at *4; *cf. Doe v. Combs*, No. 24-cv-07975 (AT), 2024 WL 5220449, at *1 (S.D.N.Y. Dec. 26, 2024) (finding that the plaintiff demonstrated vulnerability to disclosure because "she continues to experience depression, post-traumatic stress disorder, and a seizure disorder associated with the stress of her sexual

7

assault"). "Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym." *Combs*, 2024 WL 4635309, at *4 (citing *Townes*, 2020 WL 2395159, at *5).

### III. The Public-Interest Factors Cut Both Ways (Factors Five, Eight, and Nine)

The fifth, eighth, and ninth *Sealed Plaintiff* factors "relate to the public's interest in knowing Plaintiff's identity." *Combs*, 2024 WL 863705, at *4. Turning first to the fifth factor — which "looks to whether the suit challenges the actions of the government or that of private parties," *Rapp*, 537 F. Supp. 3d at 532 — "[c]ourts recognize that open judicial proceedings in private civil suits 'not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms,'" *Combs*, 2025 WL 268515, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). "Here, Plaintiffs challenge the actions of private parties; thus, there is a significant interest in open judicial proceedings weighing against the use of pseudonym." *Leonelli*, 2022 WL 2003635, at *4.

Next, "[t]he eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Combs*, 2024 WL 863705, at *5 (quoting *Leonelli*, 2022 WL 2003635, at *4). This factor weighs in both directions. As courts have routinely observed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Combs*, 2024 WL 4635309, at *6 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). "There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Combs*, 2024 WL 863705, at *5 (citing *Branca USA, Inc.*, 2022 WL 2713543, at *2). The public interest in knowing the identity of the parties is "magnified" where a plaintiff "has made his allegations against a public figure." *Combs*, 2025 WL 268515, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532). But courts have also noted that "the public generally has a strong interest in protecting the

8

identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also Doe v. Kimmel*, No. 24-cv-03201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024) ("[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." (citation omitted)).

Lastly, "the ninth factor suggests that if the issues presented are 'purely legal in nature,' generally 'there is an atypically weak public interest in knowing the'" identities of the parties. *Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (quoting *Sealed Plaintiff*, 537 F.3d at 190). "Where the litigation involves, not abstract challenges to public policies, but rather . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* (omission in original) (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-06152 (VM) (KNF), 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)). Here, "[t]he ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature." *Doe v. Combs*, No. 24-cv-08852 (JPC), 2024 WL 4867087, at *2 (S.D.N.Y. Nov. 22, 2024); *see also Combs*, 2025 WL 268515, at *5 ("Plaintiff's claims are factual in nature, which weighs against anonymity.").

### IV. There Are Alternative Mechanisms for Protecting Plaintiff's Confidentiality (Factor Ten)

As Defendants correctly observe, "there are other mechanisms to protect any confidential information that may be disclosed during discovery or as part of the case." Opp. at 15. For example, "Defendants are willing to enter into a stipulated confidentiality protective order . . . [to] protect any legitimate privacy interest Plaintiff or any other party may

9

have in documents or information exchanged in this case, such as private financial information or medical records." *Id.*; *see also Combs*, 2025 WL 268515, at *5 ("The plaintiff 'can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order.'" (quoting *Weinstein*, 484 F. Supp. 3d at 98)); *accord Combs*, 2024 WL 5220449, at *3. "While this promise will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery." *Combs*, 2024 WL 863705, at *5. Accordingly, this factor weighs somewhat in favor of disclosure.

## V. Blanket Anonymity Would Significantly Prejudice Defendants (Factor Six)

With regard to the sixth *Sealed Plaintiff* factor, the Court is acutely aware of the "the imbalance [that] arises where [a] [d]efendant must 'defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity.'" *Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (quoting *Shakur*, 164 F.R.D. at 361). "In such a situation, when one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.' This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result,'" *Combs*, 2024 WL 863705, at *3 (quoting *Leonelli*, 2022 WL 2003635, at *5), "[p]articularly in a high profile case in which unknown witnesses may surface," *Combs*, 2025 WL 268515, at *4 (citing *Rapp*, 537 F. Supp. 3d at 531). Moreover, "[i]n cases where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant." *Townes*, 2020 WL 2395159, at *5 (citing *Skyline Autos. Inc.*, 375 F. Supp. 3d at 407; *Shakur*, 164 F.R.D. at 361). *But see Kolko*, 242 F.R.D. at 198 ("Given the negative publicity already sustained by defendants, 'any additional prejudice to the defendant[s'] reputation or ability to operate merely by pursuit of this action under a pseudonym appears minimal.'" (alteration in

original) (citation omitted) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003))). "Confidentially disclosing the plaintiff's name to the defendants' counsel, as plaintiff's counsel suggests, would not eliminate the potential prejudice." *Combs*, 2025 WL 268515, at *4; *accord Combs*, 2024 WL 4635309, at *5 ("The potential prejudice to Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident that allegedly occurred approximately twenty years ago, which may be difficult to defend even with information about Plaintiff's identity."); *see* Decl. ¶ 3 (offering to "disclose Plaintiff's name to counsel for Defendants" if required to do so by the Court). Accordingly, the Court finds that the sixth factor weighs strongly in favor of disclosure.

## VI. The Balance of Factors Weighs in Favor of Disclosure

On one hand, this case involves highly sensitive and personal allegations, Plaintiff has thus far kept her identity confidential, and the public has a particularized interest in encouraging the victims of sexual assault to confront their accusers, who are often powerful figures. On the other hand, Plaintiff brings factually grounded claims on a topic of significant public interest against a well-known figure, and the public also has a strong interest in maintaining the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). And, significantly, Plaintiff has not provided any particularized evidence or even nonspeculative allegations to establish that the disclosure of her identity would result in concrete physical or mental harm to herself or third parties. Such evidence plays a vital role in the balancing of competing interests in these cases, and its absence is particularly salient here given the risk of severe prejudice to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from more than three decades ago. In

11

sum, Plaintiff has not provided the Court with enough information to tip the scales in her favor.  *See Combs*, 2025 WL 722790, at *4 (denying motion to proceed anonymously); *Combs*, 2025 WL 268515, at *5 (same); *Combs*, 2024 WL 4635309, at *7 (same).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to proceed anonymously.  Plaintiff shall file a complaint in her own name no later than April 10, 2025.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 15.

Dated: March 27, 2025
       New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge

12